CLIFFORD V. ANSLEY, Respondent, *v.* THEODORE W. GIBSON and Others, Defendants, Impleaded with EDMOND J. FITZGERALD, Appellant.

Third Department, July 2, 1917.

Trespass — complaint alleging interference by defendants with plaintiff's moving picture business — allegations stating single cause of action.

A complaint in an action by the owner of a moving picture business against college students, which alleges in the 1st and 2d paragraphs the ownership of the theatre and its location in the village where the defendants attend college, and in the 3d, 4th and 5th paragraphs alleges certain unlawful acts by the defendants on specified days, followed by a general allegation of a preconceived purpose to destroy the plaintiff's business, states but one cause of action.

The allegations show one primary right of the plaintiff and one wrong done by the defendants through many different trespasses, and there can be but one recovery. Each day's trespass does not constitute a separate, distinct and independent transaction.

APPEAL by the defendant, Edmond J. Fitzgerald, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Madison on the 26th day of July, 1916, denying his motion to compel the plaintiff to separately state and number the different causes of action alleged to be set forth in the complaint and to strike out certain portions thereof.

*P. H. Fitzgerald,* for the appellant.

*Carlos J. Coleman,* for the respondent.

SEWELL, J.:

The complaint contains five paragraphs. In the 1st and 2d it is alleged that the plaintiff is the owner of a theatre building and conducting a moving picture business in the village of Hamilton, N. Y., and that the defendants are students attending Colgate University in said village.

In the 3d paragraph it is alleged that the defendants and others, on twelve different days, therein specified, entered the plaintiff's theatre during the performances, threw shot in the faces of the patrons, made boisterous noises, yelling, hooting and stamping, and used vile and obscene language and acted in such a way as to cause the patrons to leave and to compel the plaintiff to discontinue the show.

The 4th paragraph alleges that the defendants on two other occasions forced their way into the theatre, threw eggs into the faces of the patrons and so conducted themselves as to cause the patrons to leave the theatre in fright.

The 5th paragraph alleges that on the 15th day of June, 1915, the defendants and others again entered the theatre, and not only repeated the unlawful acts alleged in the other paragraphs, but threw clubs and stones, smashed in all the windows of the building and injured the plaintiff's wife who was selling tickets in the box office.

Then follows a general allegation that the defendants were tumultuously assembled of their own authority with intent to assist one another against all who should oppose them in doing the said unlawful acts in a violent and tumultuous manner, and did confederate and conspire together to do said acts, with the common and premeditated purpose of destroying the plaintiff's property and business.

In the last clause of this paragraph the plaintiff charges that all of said unlawful acts were done with intent to destroy the plaintiff's business by preventing the general public from attending his said theatre, and that by reason of said riotous and unlawful acts the defendants did destroy the plaintiff's business to such an extent that he was obliged to discontinue

his business and to sell his property at a great loss and to lose all the profits of his business whereby he was damaged to the extent of $10,000.

It is quite clear that there is but one cause of action alleged in the complaint. It purports to give a history of the unlawful acts committed by the defendants, by means of which the plaintiff's business was destroyed.

It is not claimed that each day's trespass resulted in a loss or injury. The action is not brought to recover for a number of separate torts, each of which will require independent or different proof, or as to which there may be different defenses.

. The principle upon which this action is based rests in the alleged fact that defendants by successive trespasses, committed in furtherance of a preconceived purpose, destroyed the plaintiff's business.

The averments show one primary right of the plaintiff and one wrong done by the defendants through many different trespasses, and there can be but one recovery. Under such circumstances it would be going too far to hold that each day's trespass constituted a separate, distinct and independent transaction and, therefore, forms of itself one cause of action. It follows that the order appealed from should be affirmed, with costs.

Order unanimously affirmed, with ten dollars costs and disbursements.